## STATE *vs.* PATRICK BRADY.

A. had a license to sell intoxicating liquors which expired July 1. He had made application for a new license which was refused August 7, on account of objections to it from land owners in the vicinity.

In the trial of an indictment against him for the illegal sale of intoxicating liquors, A. offered evidence that it was customary for the town council in granting licenses to date them back to the expiration of former licenses, also that he had been informed by the town council or by some member of it that if the objections of the land owners were withdrawn a license would be granted.

*Held,* that this evidence was rightly excluded as irrelevant to the question of A.'s guilt.

EXCEPTIONS to the Court of Common Pleas.

*May* 23, 1884. DURFEE, C. J. This case comes up on exceptions from the Court of Common Pleas, where the defendant was tried and found guilty on an indictment charging that he " did keep and maintain a certain common nuisance, to wit, a grog shop and tippling shop and building, place, and tenement used for the illegal sale and keeping of intoxicating liquors," &c. The bill of exceptions states : " The testimony for the State disclosed the following facts : That the defendant was the owner and keeper of a retail liquor store on Cranston Street in the town of Cranston, and had been for many years ; that at various times between the first day of January, A. D. 1883, and the first Monday of September, A. D. 1883, intoxicated people had been seen coming from and going to defendant's saloon ; that on the 9th and 10th days of August, A. D. 1883, the witnesses Perry and Shepherd bought of the defendant and drank on the premises whiskey, and paid the defendant for the same ; that at the time of his arrest on the complaint out of which this indictment grew, defendant had made application for a license from the town of Cranston, and his ap-

plication had been refused; that defendant's saloon was open on Sundays, and people were seen going in and out on that day ; that subsequent to his arrest the defendant told witness Patt that he had been selling right along, expecting to get a license from the town of Cranston. The defendant showed by the witness Wheeler, town clerk of the town of Cranston, that the defendant had had a license which expired July 1st, 1883, and that defendant's application for a new license was refused the seventh day of August, 1883, because of objections of the land owners living near him."

The counsel for the defendant then asked the witness Wheeler if it was not the custom of the town council of Cranston, when they granted licenses to date them back to the time when the old license expired. The question was objected to and excluded, and the defendant excepted. Another witness was asked whether or not the defendant was informed by the council or any member of it that if the names of certain land owners, who had signed the remonstrance against granting him a license, were withdrawn, he could have a license. This question was excluded and the defendant excepted. The question is, whether the testimony on these two points was rightly excluded.

The defendant contends that it was not enough for the government to show that he kept and used his saloon for the illegal sale of intoxicating liquors, if he did so without intending to violate the law, and that therefore the testimony ought to have been admitted for the purpose of showing that he had no guilty mind or intent. We are not convinced by this argument. It was not within the power of the town council of Cranston to alter or suspend the law of the State by any custom or usage. The defendant had no right to sell after his license expired. He may have supposed, in his confidence that the license would be renewed, that he could sell with impunity under the custom ; but, notwithstanding the custom, he must have known, or at any rate he must be presumed to have known, when he was selling, that he was violating the criminal law of the State. The testimony was therefore rightly excluded; for, if admitted, it would not have tended to show that the defendant, in keeping his saloon and using it for the illegal . sale of intoxicating liquors, did so without any intent to violate the

law, except that he may have done so in ignorance of the law, which will not excuse him, but only that he did so expecting, in his reliance on a reprehensible custom, that he would not be prosecuted. Perhaps the custom may properly be considered by the court in passing sentence, but on the question of legal guilt it was irrelevant.                                    *Exceptions overruled.*

*Samuel P. Colt,* Attorney General, for plaintiff.

*Francis W. Miner & Edward S. Hopkins,* for defendant.